IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rodolfo Aranda, *on behalf of himself*, | ) | |
| | ) | Case No. 17-cv-7886 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J Vega's Construction, Inc. and Javier Vega. | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

**COMPLAINT**

Plaintiff, as his Complaint against Defendants, alleges the following:

**NATURE OF THE CASE**

1. This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act and the Illinois MinimumWage Law.

2. This is an individual action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et se*q., to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, on behalf of Plaintiff Rodolfo Aranda.

3. In violation of the FLSA, Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty in a workweek. Defendants also violated the IMWL by failing to pay Plaintiff the prescribed rate of one and one-half times the employee's regular wage rates for all overtime hours worked.

4. As a remedy for Defendants' acts, Plaintiff seek relief, including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

6. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiff Rodolfo Aranda resides in the Northern District of Illinois, Eastern Division. Within the three-year period prior to the filing of this Complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e), and 820 ILCS 105/3(d). Plaintiff has signed and filed, along with this Complaint, written consent to sue pursuant to 29 U.S.C. § 216(b).

9. Defendant J Vega's Construction, Inc. is an Illinois corporation with a principal place of business in Elgin, Illinois offering various construction services. .

10. Defendant J Vega's Construction, Inc. is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

11. At all times relevant herein, Defendant J Vega's Construction, Inc. is an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), the IMWL, and the 820 ILCS 105/3(c).

12. Defendant Javier Vega is the owner of J Vega's Construction, Inc. and is responsible for oversight of its business operations. At all times relevant herein, Defendant Javier Vega is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, and 820 ILCS 105/3(c).

13. Defendants Javier Vega and J Vega's Construction, Inc. jointly employed Plaintiff within the meaning of the FLSA and the IMWL, and are jointly and severally liable for the violations of law asserted herein.

## FACTUAL ALLEGATIONS

14. During the 3-year period prior to the filing of this Complaint, Plaintiff worked for Defendants.

15. At all times relevant, Plaintiff was required to report each workday to the Defendants' headquarters.

16. At all times relevant, Plaintiff was assigned work on various constructions sites for Defendants.

17. At all relevant times, and on a customary and regular basis, Plaintiff worked in excess of 40 hours in a workweek.

18. At all times relevant, Defendants failed to pay Plaintiff overtime premium wages of one and one-half times Plaintiff's regular rates of pay for all hours worked in excess of 40 in a single workweek.

## COUNT ONE
## OVERTIME, FAIR LABOR STANDARDS ACT
## ALL DEFENDANTS

19. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

20. Defendants' practice and policy of not paying Plaintiff overtime compensation at a rate of one and one-half times their regular rates of pay for every hour they worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207.

21. As a result of Defendants' practices and policies, Plaintiff has been damaged in that he did not receive wages due to him pursuant to the FLSA.

22. Defendants' violations of 29 U.S.C. § 207 were willful.

23. Defendants jointly employed Plaintiff pursuant to the FLSA and are jointly and severally liable for the FLSA violations.

## COUNT TWO
## OVERTIME, ILLINOIS MINIMUM WAGE LAW
## ALL DEFENDANTS

24. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

26. Defendants' practice and policy of not paying Plaintiff overtime compensation at a rate of one and one-half times their regular rates of pay for all of their hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

27. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiff has been damaged in that he has not received wages due to them pursuant to 820 ILCS 105/4a.

28. Defendants jointly employed Plaintiff pursuant to the IMWL and are jointly and severally liable for the IMWL violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff who filed a written consent to sue for his unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

B. Award Plaintiff actual damages for unpaid overtime compensation;

C. Award Plaintiff penalties in the amount of 2% of the underpayment per month for the length of the violations of the IMWL pursuant to 820 ILCS 105/12;

D. Award Plaintiff reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), and 820 ILCS 105/12, and

E. Award Plaintiff pre- and post-judgment interest at the statutory rate; and

I. Order such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all eligible claims and issues.

Respectfully submitted,

s/ Jorge Sanchez
One of Plaintiffs' Attorneys

Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: November 1, 2017

5